UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:13-cv-175-FDW

| ROBERT S. BALLARD, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| NC DEPARTMENT OF PUBLIC SAFETY, MARTA M. KALINSKI, Doctor, PAULA SMITH, Doctor, Director of Health Services, | ) | ORDER |
| Defendants. | ) | |

**THIS MATTER** is before the Court on a Motion to Dismiss for Failure to State a Claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, filed by Defendant Marta Kalinski. (Doc. No. 31). Also pending before the Court are (1) Plaintiff's Motion for Reconsideration re Order on Motion to Appoint Counsel, (Doc. No. 35), (2) Plaintiff's Motion for a Physical Examination, (Doc. No. 36), and (3) Plaintiff's Motion for Extension of Time to File Response/Reply re Motion to Dismiss for Failure to State a Claim; Motion to Appoint Counsel; Motion for Copies of All Records Pertaining to Plaintiff, (Doc. No. 38).

On June 30, 2014, this Court conducted an initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) and concluded that Plaintiff's allegations of an Eighth Amendment violation against Defendant Kalinski survived initial review. (Doc. No. 19). The standard of review for dismissal under 28 U.S.C. § 1915(e)(2) is the same as the standard under Rule 12(b)(6). De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003). Therefore, the Court has already determined that Plaintiff has sufficiently stated a claim under Rule 12(b)(6) against

Defendant Kalinski for an Eighth Amendment violation. Defendant's motion to dismiss is denied for the reasons stated in the Court's prior order.[1]

Next, as to Plaintiff's Motion for Reconsideration re Order on Motion to Appoint Counsel, (Doc. No. 35), the Court denies the motion for the reasons stated in the Court's initial order denying appointment of counsel.

Next, as to Plaintiff's Motion for a Physical Examination, filed on September 3, 2014, Plaintiff seeks an order from this Court, pursuant to Rule 35 of the Federal Rules of Civil Procedure, "for a physical examination of Plaintiff's back, including all past records to be reviewed by an expert medical specialist to set forth for this Court how bad Plaintiff has suffered with pain and how Plaintiff's every day activity has been affected and what could been done to help Plaintiff." (Doc. No. 36 at 1). Rule 35 does not contemplate the type of relief sought by plaintiff—a physical examination of himself. See FED. R. CIV. P. 35; Brown v. United States, 74 F. App'x 611, 614 (7th Cir. 2003) ("[Rule 35] does not vest the court with authority to appoint an expert to examine a party wishing an examination of himself."); Green v. Branson, 108 F.3d 1296, 1304 (10th Cir. 1997) (Rule 35 motion not properly used to obtain medical care or to complain of deliberate indifference to an inmate's medical needs); Woodruff v. Byars, No. 5:12-344-RMG-KDW, 2012 WL 1977911, at *1 (D.S.C. June 1, 2012) (denying plaintiff's motions

---

[1] To the extent that Defendant Kalinski contends in the motion to dismiss that she properly refused Plaintiff's requests for certain medications because Plaintiff has a history of prescription drug abuse, Defendant must proffer such evidence on summary judgment following discovery. For the purposes of Defendant's motion to dismiss, the Court must take Plaintiff's allegations as true and construe all inferences in his favor. As the Court noted on initial review, Plaintiff alleged in the Complaint that Defendant Kalinski took Plaintiff off of pain medications that are vital to his well-being, that she took him off of the pain medication because of an inaccurate report, and that she had no cause to take away his pain medication. The Court must take these allegations as true on a Rule 12(b)(6) motion to dismiss and on initial review under 28 U.S.C. § 1915(e).

"seeking outside medical assistance"). Thus, Plaintiff's motion for physical examination is denied.

Finally, the Court addresses Plaintiff's "Motion for Extension of Time to file Response/Reply re Motion to Dismiss for Failure to State a Claim; Motion to Appoint Counsel; Motion for Copies of All Records Pertaining to Plaintiff." The Court grants Plaintiff's motion for extension of time to file a response nunc pro tunc. The Court denies the motion to appoint counsel for the same reasons the Court gave in denying Plaintiff's initial motion to appoint counsel. As to Plaintiff's "motion for copies of all records pertaining to Plaintiff," the Court denies the motion because discovery has not commenced in this action. Once discovery has commenced in this action, Plaintiff shall seek discovery from Defendant directly through requests for discovery in accordance with Rule 26 of the Federal Rules of Civil Procedure.

**IT IS, THEREFORE, ORDERED** that:

1. Defendant's Motion to Dismiss, (Doc. No. 31), is **DENIED**.

2. Plaintiff's Motion for Reconsideration re Order on Motion to Appoint Counsel, (Doc. No. 35), and Plaintiff's Motion for a Physical Examination, (Doc. No. 36); are **DENIED**.

3. Plaintiff's Motion for Extension of Time to file Response/Reply re Motion to Dismiss for Failure to State a Claim, Motion to Appoint Counsel, Motion for Copies of All Records Pertaining to Plaintiff, (Doc. No. 38), is **GRANTED** in part and **DENIED** in part. That is, Plaintiff's Motion for Extension of Time is **GRANTED** nunc pro tunc; Plaintiff's Motion to Appoint Counsel is **DENIED**; and Plaintiff's Motion for Copies of All Records Pertaining to Plaintiff is **DENIED**.

Signed: February 9, 2015

Frank D. Whitney
Chief United States District Judge