UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:13-cv-175-FDW

| ROBERT S. BALLARD, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| NC DEPARTMENT OF | ) | ORDER |
| PUBLIC SAFETY, | ) | |
| MARTA M. KALINSKI, Doctor, | ) | |
| PAULA SMITH, Doctor, Director of | ) | |
| Health Services, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the following motions by the parties: (1) Plaintiff's Motion to Compel Defendants to Release and Produce Documents, (Doc. No. 65), Plaintiff's Motion for Law Library, (Doc. No. 75), Plaintiff's Motion for Rule 26(f) Meeting, (Doc. No. 81), Plaintiff's Motion to Stay/Continue, (Doc. No. 85), and Defendant's Motions for Protective Order, (Doc. Nos. 71; 82).

**I.    Background**

Plaintiff filed this action on November 26, 2013, bringing a claim against the sole remaining Defendant in this action, Marta Kalinski, for deliberate indifference to a serious medical need. Specifically, Plaintiff alleges that Defendant took Plaintiff off pain medications without any cause and/or justification, and such actions showed a deliberate indifference to a serious medical need. On June 30, 2014, this Court conducted an initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) and concluded that Plaintiff's allegations of an Eighth Amendment violation against Defendant Kalinski survived initial review. (Doc. No. 19).

Defendant filed a motion to dismiss for failure to state a claim on August 28, 2014, which motion this Court denied on February 10, 2015. (Doc. Nos. 31; 45).

The Court entered a Pretrial Order and Case Management Plan on February 12, 2015, requiring all discovery to be completed by June 11, 2015. (Doc. No. 47). The Order specifically stated that the parties were required to "initiate discovery requests . . . sufficiently in advance of the discovery completion deadline so as to comply with this Order. Discovery requests that seek responses . . . after the discovery completion deadline are not enforceable except by order of the Court for good cause shown." (Id. at 2-3). Per the Order, each party was to propound no more than 20 Interrogatories, including subparts, and to request no more than 20 requests for admission. (Id. at 2).

Defendant was served with Plaintiff's First Set of Interrogatories on February 22, 2015, and two sets of Requests for Production of Documents, one dated February 21, 2015, and one dated February 24, 2015, all of which were received by defense counsel on February 27, 2015. Plaintiff then served Defendant with a Third Request for Production of Documents on March 1, 2015. The Court then granted Defendant's motions for extensions of time, giving Defendant until April 30, 2015, in which to file discovery responses. (Doc. No. 53). On April 13, 2015, Plaintiff served a "Request for Admissions" on Defendant.

On April 21, 2015, Defendant sent Plaintiff her discovery responses. Along with the responses, Defendant sent Plaintiff all of the records she had received (and has received to date) from the North Carolina Department of Public Safety for Plaintiff. Defendant was involved in Plaintiff's care from approximately August 2013 to February 2014. Defendant received records up through September 2014, more than six months after the last time Defendant had any contact with or entered any orders with respect to Plaintiff, and Defendant asserts that she has provided

these records to Plaintiff, totaling approximately 2,897 pages. On April 25, 2015, Plaintiff served Defendant with a Second Set of Interrogatories and a Fourth Request for Production of Documents. On May 22, 2015, Plaintiff served on Defendant a Fifth Request for Production of Documents.

    **II.    Discussion**

    **a.  Plaintiff's Motion to Compel (Doc. No. 65)**

The Court first addresses Plaintiff's motion to compel filed on May 1, 2015, in which Plaintiff moved "for an order compelling defendants to produce certain documents withheld by defendants." (Doc. No. 65). In Plaintiff's motion, Plaintiff claims there is a "health care manual" in Defendant's possession and which Defendant is denying Plaintiff. (Id. at 1). Plaintiff then claims that Defendant has gone through Plaintiff's medical records and removed certain papers. (Id. at 2). Finally, Plaintiff claims that Defendant is in possession of a policy regarding the dispensing of scheduled narcotic medicine and that said policy is in the "health care manual that the Defendants do not want Plaintiff to have." (Id. at 3).

The Court denies the motion to compel for the reasons stated in Defendant's response, in which Defendant denies withholding any medical information from Plaintiff. Defendant also states that she is neither the owner of the health care manual at issue, nor does she have it in her possession. The Court finds that Defendant has complied in good faith with Plaintiff's discovery requests, and the Court will not compel Defendant to produce the health care manual that Plaintiff is seeking. Federal Rules of Civil Procedure 34(c) and 45 provide a means for Plaintiff to obtain documents from non-parties such as the North Carolina Department of Public Safety (the purported owner of the health care manual requested by Plaintiff), and Plaintiff's attempt to seek this information through Defendant is improper. Furthermore, the burden and expense of

making Defendant attempt to obtain such information would be greatly outweighed by any potential benefit as Plaintiff's request would also not likely lead to the discovery of relevant evidence.  In sum, the Court denies Plaintiff's motion to compel.

**b.  Defendant's Motion for a Protective Order (Doc. No. 71)**

The Court next addresses Defendant's Motion for a Protective Order regarding Plaintiff's Second Set of Interrogatories, Fourth Request for Production of Documents, and Requests for Admissions recently served on Defendant.  (Doc. No. 71).  After reviewing the court file and the materials submitted by the parties, the Court concludes that, for the reasons set forth in Defendant's brief, Defendant shall not be required to answer Plaintiff's Second Set of Interrogatories, Plaintiff's Fourth Request for Production of Documents, or Plaintiff's Requests for Admissions.  Specifically, the Court finds that Defendant has engaged in discovery in good faith and has reasonably responded to Plaintiff's discovery requests.  With respect to Plaintiff's Second Set of Interrogatories, Plaintiff has exceeded his Interrogatory limit of 20 and Plaintiff's Second Set of Interrogatories are therefore improper.  Moreover, Plaintiff's Second Set of Interrogatories subjects Defendant to annoyance, undue burden, and expense, as well as being unreasonably cumulative and duplicative.   Plaintiff's Second Set of Interrogatories also seeks information that Plaintiff may himself ascertain from the medical records.  Many of Plaintiff's questions are phrased to be harassing and argumentative.  Other questions by Plaintiff are within his own knowledge and available from a more convenient source.  Moreover, Defendant has already responded to the First Set of Interrogatories where many of these same questions were asked, and Defendant has represented to this Court that she does not have Plaintiff's latest medical records.  Finally, considering the filings and the submissions before this Court, any benefit to Defendant answering Plaintiff's Second Set of Interrogatories is outweighed by the

burden and expense of doing so.

As to Plaintiff's Fourth Request for Production of Documents, in which Plaintiff seeks his medical records from September 2014 to the present, Defendant has asserted that she was involved in Plaintiff's care from approximately August 2013 to February 2014. Defendant received records from May 2014 up through September 2014, more than six months after the last time Defendant had any contact with or entered any orders with respect to Plaintiff. Defendant asserts that she provided these records to Plaintiff, copying and mailing thousands of pages of records at Defendant's expense. Defendant has further represented to this Court that she is not in possession of Plaintiff's latest medical records.

With respect to Plaintiff's Request for Admissions, Plaintiff's Request for Admissions are not properly phrased questions under Rule 36 capable of being admitted or denied. Moreover, Rule 36 mandates that when seeking a request for admission about the genuineness of a document, a copy of the subject document must be attached, and Plaintiff has failed to do so. Furthermore, Plaintiff's questions are argumentative, harassing, and in the vein of argumentative Interrogatories. As the Court has noted, Plaintiff has already exceeded his Interrogatory limit per this Court's order. Moreover, certain numbers of Plaintiff's request questions seek to ascertain information about physician employment at Alexander Correctional Institution and other inmate deaths, which seeks confidential, proprietary, and HIPAA-protected information, and also information that is not in Defendant's possession.

In sum, Defendant's motion for a protective order is granted as to Plaintiff's Second Set of Interrogatories, Fourth Request for Production of Documents, and Requests for Admissions.

### c. Defendant's Motion for a Protective Order (Doc. No. 82)

The Court next addresses Defendant's Motion for a Protective Order regarding Plaintiff's

Fifth Request for Production of Documents, served on May 22, 2015. Plaintiff's Fifth Request for Production of Documents seeks the production of "medical records of the Plaintiff from September 1, 2014, to April 1, 2015" and demands a copy of a "health care manual for prisoners." As Defendant notes, the medical records sought by Plaintiff's Fifth Request for Production are practically identical to the records requested in his Fourth Request for Production served on April 25, 2015. Defendant seeks an order from this Court relieving Defendant from responding to Plaintiff's request on the grounds that the Request was not timely served under the Court's Pretrial Order and Case Management Plan, and because Plaintiff's Request is harassing, duplicative of previous discovery requests to which Defendant has already fully responded, and because it subjects Defendant to annoyance, burden, and expense. For the reasons stated in Defendant's brief in support of the motion for a protective order, the Court will grant the motion, and the Court finds that Defendant is relieved of any duty to respond to Plaintiff's Fifth Request for Production of Documents.

In sum, Defendant's motion for a protective order is granted as to Plaintiff's Fifth Request for Production of Documents.

### d. Plaintiff's Motion for Law Library, (Doc. No. 75), and Plaintiff's Motion for Rule 26(f) Meeting, (Doc. No. 81)

The Court next addresses Plaintiff's "Motion for a Law Library or Appointment of Counsel" in which Plaintiff argues that he has written to North Carolina Prisoner Legal Services, which has informed Plaintiff that they cannot assist him. Plaintiff also states that he has been unable to obtain an attorney to assist him and that he does not have access to a law library. Plaintiff asks the Court to appoint counsel to him or to provide a law library to Plaintiff within the next thirty days and to continue the period of discovery until ten days after a ruling on

Plaintiff's motion. Plaintiff's motion will be denied. To the extent that Plaintiff seeks appointment of counsel, the Court denies the motion for the same reasons the Court has already denied Plaintiff's previous requests for appointment of counsel. Furthermore, the Court has no authority to "install a decent law library immediately in Maury Correctional Institution" as Plaintiff requests. (Doc. No. 75 at 3). In sum, Plaintiff's motion is denied.

Next, in support of his motion for a Rule 26(f) meeting, Plaintiff requests an order from the Court requiring the parties to meet and confer in accordance with Federal Rule of Civil Procedure 26(f) and he states that he is willing to discuss a possible settlement. Plaintiff's motion will be denied because this action is exempted from Rule 26(f)'s requirement of a preliminary scheduling conference. See FED. R. CIV. P. 26(f)(1) (exempting those actions not required to provide certain initial disclosures pursuant to Rule 26(a)(1) from the requirement of conducting a preliminary scheduling conference); see FED. R. CIV. P. 26(a)(1)(B)(iv) (exempting from initial disclosure requirements those actions "brought without an attorney by a person in the custody of the United States, a state, or a state subdivision").

  e. **Plaintiff's Motion to Stay/Continue (Doc. No. 85)**

Finally, in support of his motion to stay, Plaintiff has informed the Court that he received authorization for surgery, and that he will likely undergo surgery sometime soon. The Court will not stay this action. The discovery period is now closed, the Court is awaiting dispositive motions. If Plaintiff needs additional time to respond to any dispositive motions filed by Defendant, the Court will give him additional time, but the Court declines to stay the action at this time.

  **IT IS, THEREFORE, ORDERED** that:

  1. Defendant's Motions for Protective Order, (Doc. Nos. 71; 82), are

      **GRANTED**.

2. Plaintiff's Motion to Compel Defendants to Release and Produce Documents, (Doc. No. 65), Plaintiff's Motion for Law Library, (Doc. No. 75), Plaintiff's Motion for Rule 26(f) Meeting, (Doc. No. 81), Plaintiff's Motion to Stay/Continue, (Doc. No. 85), are **DENIED**.

Signed: June 26, 2015

Frank D. Whitney
Chief United States District Judge